IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ELIJAH JACKSON, JR.,**
**D.O.C. # 979922,**

    **Plaintiff,**

vs.                                                  Case No.  4:22cv0123-MW-MAF

**RICKY D. DIXON, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a state prisoner proceeding pro se in this action.  Plaintiff initiated this case by submitting an "emergency motion for preliminary injunction or, alternatively, for protective order prohibiting retaliation and intimidation of Plaintiff and witnesses."  ECF No. 1 at 1.  Plaintiff did not submit a motion for in forma pauperis status, nor did he pay the filing fee, at the time of case initiation.  Notably, Plaintiff cannot proceed with in forma pauperis status in this case because his case initiating pleading does not allege facts that demonstrate Plaintiff is in imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g).  An Order was entered on March 24, 2022, directing Plaintiff to pay the filing fee for this case no

later than **April 25, 2022**.  ECF No. 3.  Plaintiff was warned that if the fee was not paid, a recommendation would be entered to dismiss this case.  *Id.* As of this date, the filing fee has not been paid.

Moreover, because a "motion for preliminary injunction" is not a proper case initiating document, Plaintiff was also required to file a civil rights complaint, properly titled as such.  Plaintiff was provided with the appropriate form, and given until **April 25, 2022**, to comply.  Again, Plaintiff was advised that if he failed to comply, a recommendation would be made to dismiss this case.  ECF No. 3.  Nothing further has been received from Plaintiff and it appears that he has abandoned this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore,

the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned and did not comply with a Court Order. Because he has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2022.

        S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**